**FUGA SELEGA of Pago Pago, Plaintiff**

v.

**OLIVE SAVAI'INAEA of Upolu, Western Samoa, Defendant**

No. 22-1962

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Vaovai" in Pago Pago]

October 9, 1962

Fuga *pro se.*
Olive *pro se* with Pogai, Assistant Counsel.

OPINION OF THE COURT

MORROW, *Chief Justice.*

Fuga filed his petition praying for an order requiring the defendant to vacate the land Vaovai in Pago Pago, on which land the defendant has had his home for about 11 years. The defendant entered upon the land Vaovai in 1951 with the express permission of the then Taito who died about a year later. Taito is a chief's title. There has as yet been no successor to the deceased chief. Shortly after Olive's entry on the land, he put up a house on it. Some four or five years later Olive tore down this house and put up a palagi house on the spot where the first house stood. At the present time Olive has that palagi house, another smaller palagi house, a Samoan house and a Samoan cook house as well as some plantations on Vaovai.

Just prior to the hearing the Court viewed the land in the presence of both parties and saw the four buildings erected by Olive on it.

It appears to us from the evidence that Taito gave his permission to Olive because of the relationship of Olive's wife to a member of the Taito Family. Olive rendered service in accordance with Samoan customs to Taito from

the time of his entry on the land up to the time of Taito's death in 1952.

It appears to us from the evidence that Taito was the chief and Fuga the talking chief in the Taito-Fuga Family. The two titles are related. Fuga claims that Vaovai is the communal land of the two titles. The children of Taito claim that the Fuga title has its own lands and that the Taito title has its own lands.

We do not consider it necessary for the Court to make a decision as to whether Vaovai is Taito land or Taito-Fuga land. In either case we think that Olive has a right to remain on the land subject to certain conditions.

There is no doubt whatever about the old Taito having given his permission to defendant Olive to occupy and live on Vaovai. It appears to us that Fuga has also given his permission to Olive to occupy and live on it. It is established by the evidence that when Olive had his first palagi house part-way up Fuga objected to its further construction and took the matter to the district governor and that Pogai and Lealofi (members of the Taito Family) represented Olive at the conference with the district governor; that apparently the district governor thought that it was a matter within the Taito-Fuga Family and should be settled by the family; that later Pogai had a conference with Fuga about the dispute and Fuga agreed with Pogai that Olive could continue the construction of his house and use the land.

From this we conclude that Olive, having permission of both the old Taito and the Fuga, should not be required to vacate Vaovai. However, there is the matter of service by Olive to consider. As we have stated, Olive rendered service to the Taito up to the time of Taito's death. Since that time he has not rendered service to the Taito, Taito up to the present time not having had a successor in title. Shortly after Taito's death Taito's children informed Olive that he need not render service to them. Despite this he has

285

nevertheless cooperated with them in family matters, and we think in effect rendered service to the Taito Family.

■ Now it is the Samoan custom if there are two matais in a family and one of them dies the surviving matai represents the entire family in the village council; also, he receives service not as the surviving matai but rather as a representative of the deceased matai so long as the deceased matai has no successor. In view of this custom, Olive should render service to Fuga as the representative of the deceased Taito. We are well aware that, technically speaking, a deceased person cannot have a representative. However, when there is a meeting of the village council it is the duty of Fuga as the surviving matai in the family to speak for the entire family and in that sense he is representing the deceased Taito who could speak if he were living.

Fuga told the court in effect that if there were a Taito and Olive rendered service to him and not the Fuga, he (Fuga) would not object to Olive's continuing to occupy the land without rendering service to Fuga.

Olive has expended much money and labor in putting up his houses. He had the permission, as we view the evidence, first of Taito and later of the present Fuga, the two matais in the Taito-Fuga Family, to occupy and use Vaovai.

■ Olive may well have thought since the Taito children claimed that Vaovai was Taito land and not Taito-Fuga land (and we make no decision as to which it is) that he was under no obligation to render service to Fuga as the representative of the Taito branch of the family after Taito's death. We think that Olive may honestly have believed since Taito's children waived service that he was under no obligation to render service to anyone from the time of Taito's death until after there should be a new Taito. Olive is not a blood member of the Taito-Fuga Fam-

286

ily. There was no evidence that he knew of the relationship between the Fuga and Taito families.

We think that we should dismiss Fuga's petition. However, we think that Olive should now render service to Fuga as the representative of the Taito branch of the Taito-Fuga Family.

### ORDER

Accordingly, it is ORDERED that the plaintiff's petition be and the same is hereby dismissed without prejudice to Fuga's instituting another action to evict defendant Olive from Vaovai if Olive does not render service in accordance with Samoan customs to Fuga as the representative of the Taito branch of the Taito-Fuga Family, Fuga being the surviving matai, such service to be discontinued if and when there is a new Taito.

Costs in the sum of $9.50 are hereby assessed, one-half to be paid by Fuga and one-half by Olive, all costs to be paid within 30 days.